IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY RENA DEWBERRY | § | |
| (TDCJ No. 930704), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-621-X-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Tammy Rena Dewberry, a Texas prisoner, filed a *pro se* application

for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. Her action was

referred to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference from United States District

Judge Brantley Starr. The undersigned enters these findings of fact, conclusions of law,

and recommendation that the Court should dismiss the habeas application with

prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through her habeas petition, Dewberry challenges her Dallas County conviction

for murder, for which she received a sentence of 30 years of imprisonment. *See State*

*v. Dewberry*, No. F00-44219-PM (194th Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 3

at 2. This criminal judgment was affirmed on direct appeal in 2001. *See Dewberry v.*

*State*, No. 05-00-01082-CR, 2001 WL 180256 (Tex. App. – Dallas Feb. 26, 2001, no pet.);

Dkt. No. 3 at 3. And Dewberry did not file a petition for discretionary review ("PDR")

with the Texas Court of Criminal Appeals (the "CCA"). *See* Dkt. No. 3 at 3.

More than 18 years later, she first sought state post-conviction relief as to this

conviction and sentence. *See Ex parte Dewberry*, W00-44219-M(A) (194th Jud. Dist. Ct.,

Dallas Cnty., Tex.) (petition filed Dec. 5, 2019). And, earlier this year, the CCA denied

her state habeas application without written order. *See Ex parte Dewberry*, WR-90,855-

01 (Tex. Crim. App. Jan. 29, 2020).

After reviewing Dewberry's Section 2254 application, the Court recognized that

this action is likely time-barred and issued a questionnaire [Dkt. No. 5] to provide her

fair notice of the limitations issues and to allow her to present her positions as to those

issues through a verified response to the questionnaire. The Court docketed Dewberry's

response on March 27, 2020. *See* Dkt. No. 6.

**Legal Standards**

I.    Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

establishes a one-year statute of limitations for federal habeas proceedings brought

under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the

latest of:

> (A)    the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the

petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original).[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

II.    Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may

summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect
> to *sua sponte* consideration of affirmative defenses. The district court has
> the power under Rule 4 to examine and dismiss frivolous habeas petitions
> prior to any answer or other pleading by the state. This power is rooted
> in "the duty of the court to screen out frivolous applications and eliminate
> the burden that would be placed on the respondent by ordering an
> unnecessary answer."

*Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule

4 Advisory Committee Notes). In *Kiser,* clearly applicable here, the United States

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The
Supreme Court has made clear that the term 'actual innocence' means *factual*, as
opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a
constitutional violation by itself requires reversal, whereas 'actual' innocence, as the
Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did
not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93
(5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are
'extremely rare,' and relief is available only in the 'extraordinary case' where there
was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway
claim of actual innocence, the district court must consider all of the evidence, 'old
and new, incriminating and exculpatory, without regard to whether it would
necessarily be admitted under rules of admissibility that would govern at trial.'
*House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations
omitted). 'Based on this total record, the court must make "a probabilistic
determination about what reasonable, properly instructed jurors would do."' *Id.*
(quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an
independent factual determination about what likely occurred, but rather to assess
the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte.*" *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

### Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Dewberry failed to file a PDR in the CCA, her state criminal judgment became final for federal limitations purposes no later than "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*,

No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was 30 days after the Dallas Court of Appeals affirmed the judgment – or on April 25, 2001, *see Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2.

And, "[b]ecause [Dewberry's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than March 3, 2020, the date on which Dewberry certifies that she placed it in the prison mailing system,[3] *see* Dkt. No. 3 at 10 – was filed almost 18 years too late.

The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

In her verified response to the limitations questionnaire, Dewberry argues that her "delay wasn't a deliberate action," asserting that she "honestly did not know [she] only had one year to file [her] next appeal." Dkt. No. 6 at 4; *see also id.* (claiming that a "lack of knowledge has kept me from filing a writ on my behalf"); *id.* at 5 ("How can

---

[3] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

I be held to the same standard and requirements as a legal counsel? Lack of [knowledge] of the law should not [prevent] me from being able to file my federal habeas petition. Also I thought the one year started after the first filing of my [state] writ of habeas corpus."). Unfortunately for Dewberry,"[i]t is well settled ... that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)).

Dewberry also appears to claim that her appellate counsel's alleged failure to inform her about further avenues of relief prevented the timely filing of this action. *See* Dkt. No. 6 at 4 ("My Appellate counsel never explained what I was suppose to do next after my direct appeal. ... I wasn't told I was to go to another level after this phase. I still don't know what a PDR is, I know what the letters stand for, but not what happens at this phase."). While "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified," *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), "complete attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes," *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. 266, 281-82 (2012)). But Dewberry's allegations fail to establish abandonment. And she has not shown, more importantly, how any alleged abandonment (in 2001) prevented her from timely pursuing habeas relief, more than 18 years later. Thus, she has not shown reasonable diligence and

thereby established equitable tolling. *See Jackson*, 933 F.3d at 411 ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." (citation omitted)).

This action should therefore be dismissed with prejudice as time-barred.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE